UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO BATTIES,

       Petitioner,                              Case No. 4:18-cv-10457
                                                         Honorable Linda V. Parker

v.

KEVIN LINDSEY,

       Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Antonio Batties ("Petitioner") is challenging his Wayne County Circuit Court conviction, following a guilty plea, to manslaughter in violation of Michigan Compiled Laws § 750.321. The trial court sentenced Petitioner to seven to fifteen years' imprisonment. Petitioner raises a single claim in support of his request for habeas relief: that he should be allowed to withdraw his guilty plea where his plea was entered under duress and no factual basis was given for the plea. The claim is without merit. Therefore, the Court is denying the petition and also is denying Petitioner a certificate of appealability.

# I. Background

The testimony offered at Petitioner's preliminary examination indicated that Petitioner and his brother, Lynell Batties, kicked Jeffrey Simmons to death. (*See, e.g.,* 6/26/15 Hr'g Tr. at 35-36, ECF No. 6-4.) The medical examiner described the severe injuries sustained by the victim, including: the loss of teeth with lacerations caused by fractured tooth fragments, hemorrhaging to both eyes, lacerations on the face, abrasions on the head and extremities, and extensive and intense swelling of the brain. (5/20/15 Hr'g Tr. at 8-16, ECF No. 6-2.) Petitioner was originally charged in the Wayne Circuit Court with second-degree murder and torture. (*Id*. at 3.)

Petitioner accepted a plea to the lesser charge of manslaughter with a sentence agreement of seven to fifteen years' imprisonment. Petitioner indicated under oath that he signed a written plea agreement outlining the terms of the deal. (10/22/15 Hr'g Tr. at 5-6, ECF No. 6-9.) The trial court then informed Petitioner of the trial and appellate rights he would be waiving by entering into the plea agreement. (*Id*. at 6-12.) Petitioner stated that he understood his rights and wanted to proceed with his guilty plea. (*Id*.)

Petitioner denied that anyone had threatened him to induce his guilty plea. (*Id*. at 12.) Petitioner also denied that anyone had promised him anything other than what was contained in the plea agreement to induce his guilty plea. (*Id*. at 12-

13.) Petitioner stated that he was entering his guilty plea freely, voluntarily, and understandingly. (*Id*. at 13.)

Petitioner provided a factual basis for the plea, indicating that the victim died after Petitioner and the victim fought. (*Id*. at 13-14.) The state trial court accepted Petitioner's guilty plea, and the parties agreed that the court complied with the court rule governing the acceptance of guilty pleas. (*Id*. at 14.)

Petitioner's brother elected to go to trial on the original charges and was found not guilty by a jury.

Following Petitioner's sentence under the terms of the plea bargain, Petitioner through appellate counsel filed a motion in the trial court to withdraw his plea. Petitioner's counsel asserted that Petitioner was innocent because he, like his brother, acted in self-defense. (7/11/16 Hr'g Tr. at 3-4, ECF No. 6-11.) Petitioner indicated that he only pleaded guilty because he "felt pressured," and "he didn't get any discovery, his attorney really didn't do much of anything in this case except negotiate this deal." (*Id*. at 4.) The trial court denied the motion. (*Id*. at 6.)

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising one claim:

> I. Whether the trial court erred by denying defendant's motion to withdraw guilty plea?

3

The Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." (ECF No. 6-12.) Petitioner's subsequent application for leave to appeal in the Michigan Supreme Court was denied by standard form order. *People v. Batties*, 891 N.W.2d 485 (Mich. 2017) (Table).

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law. *Id*.

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

4

## III. Analysis

Petitioner claims that the trial court abused its discretion in denying his request to withdraw his guilty plea. Petitioner had no federal constitutional right, however, to withdraw an otherwise valid plea. *See Hynes v. Birkett*, 526 F. App'x. 515, 521 (6th Cir. 2013). Unless a defendant's guilty plea violated a clearly-established constitutional right, a trial court's decision to deny a motion to withdraw a plea may not be challenged on federal habeas review. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

Clearly established constitutional law holds only that a guilty plea must be voluntarily and intelligently made. *See Shanks*, 387 F. Supp. 2d at 749 (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)); *see also Doyle v. Scutt*, 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004) (same). This requires a defendant to be made aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Corr. Inst.*, 927 F. 2d 256, 257 (6th Cir. 1991). When a Petitioner brings a federal habeas petition challenging his guilty plea, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The finding of a state court that a guilty plea was properly made is accorded a presumption of correctness. *Id*.

The record in this case shows that Petitioner's guilty plea was voluntary and knowing. Petitioner was informed of the precise sentence he would receive by entering his plea, and he was sentenced under the terms of the plea agreement. He claims he "felt pressured" to enter into the plea agreement by his counsel's unpreparedness, but nowhere during the plea colloquy did Petitioner hint at any such source of coercion. A defendant is bound by the statements he made or failed to make during the plea colloquy process. *See Ramos v. Rogers*, 170 F.3d 560, 565-66 (6th Cir. 1999).

Petitioner's argument that the trial court did not elicit a sufficient factual basis likewise does not challenge the constitutionality of his plea. The requirement that the trial court establish a factual basis for a guilty plea is a creature of state law, not the federal Constitution. While states are free to adopt procedural rules requiring a factual basis as Michigan has done in Michigan Court Rule 6.610(E)(1)(a), the federal Constitution does not mandate them to do so. *See N. Carolina v. Alford*, 400 U.S. 25, 37-38 (1970); *Eggers v. Warden*, 826 F.3d 873, 876 (6th Cir. 2016) (citing *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975)).

Finally, the fact that Petitioner's brother obtained an acquittal on the original charges is irrelevant. "It is well-settled that 'buyer's remorse' is not a valid basis" to set aside an otherwise valid guilty plea. *Meek v. Bergh*, 526 F. App'x. 530, 536 (6th Cir. 2013) (quoting *Moreno-Espada v. United States*, 666 F.3d 60, 67 (1st Cir.

2012)). While Petitioner's brother's acquittal may have caused Petitioner to second-guess his own decision to enter into the plea agreement, it does not speak to the voluntariness of his decision not to run the same risk.

As Petitioner's claim is without merit, the petition will be denied.

### IV. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, Petitioner must show that reasonable jurists could debate whether his petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Here, jurists of reason would not debate the Court's conclusion that Petitioner has failed to demonstrate entitlement to habeas relief with respect to his claim because it is devoid of merit. Therefore, the Court is denying Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED WITH PREJUDICE** and Petitioner is

**DENIED A CERTIFICATE OF APPEALABILITY**.

**IT IS SO ORDERED.**

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: June 26, 2019